**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jeffrey A. Lowy, | ) | No. CV-11-641-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Kellogg Sales Company, | ) ) | |
| Defendant. | ) ) ) | |

The court has before it defendant Kellogg Sales Company's motion to dismiss (doc. 8), plaintiff's response (doc. 12) and addendum (doc. 13), and defendant's reply (doc. 14).

Plaintiff filed a one-paragraph document in state court alleging that he ingested Kellogg's peanut butter crackers, contracted salmonella poisoning and now has end stage renal disease (doc. 1). Defendant removed the case to federal court and now seeks to dismiss the complaint for failure to meet the pleading requirements of Rule 8, Fed. R. Civ. P., and for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff admits that he did not have a complaint when he went to state court to file this action. Instead, at the suggestion of the clerk, he "jot[ted] something down quickly" to file as a complaint. Response at 1. Notwithstanding that plaintiff is proceeding *pro se*, he is required to "follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1    To satisfy Rule 8, a plaintiff must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff's complaint does not set forth a cognizable legal theory or facts that support a cause of action against Kellogg. While it appears that plaintiff may be intending to assert a products liability claim, it is far from clear. His attempt to include additional factual information in his response to the motion to dismiss, does not remedy the deficiencies of his complaint.

**IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 8). Plaintiff is granted leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. It is difficult, if not impossible, for a party to successfully manage the complexities of a lawsuit unaided by a lawyer. We urge plaintiff to seek the advice of counsel. If he does not have a lawyer, he may wish to call the Lawyer Referral Service of the Maricopa Bar Association at 602-257-4434. Because it may take time for plaintiff to find and hire a lawyer, plaintiff will be allowed 30 days within which to file an amended complaint. If plaintiff has a products liability claim, there are scores of competent lawyers who will take the case on a contingent basis.

DATED this 26th day of April, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge